**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**ANTHONY POULIOS,**

           **Petitioner,**

v.                                         **CRIMINAL ACTION NO. 2:09-cr-109**

**UNITED STATES OF AMERICA,**

           **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Anthony Poulios's ("Petitioner") Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 22. For the following reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to time served. Accordingly, Accordingly, the Bureau of Prisons is **DIRECTED** to release Petitioner from custody within ten (10) days of the issuance of this Order.

**I. FACTUAL AND PROCEDURAL HISTORY**

On January 31, 2001, Petitioner was sentenced to 90 months in prison and 3 years of supervised release for two counts of bank robbery. ECF No. 4. Petitioner's supervision began on December 31, 2007. *Id.* On June 19, 2009, Petitioner robbed a bank in Virginia Beach, Virginia. *Id.* He was convicted in state court and served over 10 years in state prison. ECF No. 6. Petitioner was also convicted of credit card fraud and credit card theft and sentenced to a concurrent term in state prison. ECF No. 7. On January 13, 2019, the Court held a hearing on the Petitioner's violations of supervised release. ECF No. 18. Petitioner was found guilty of violating his supervised release and the Court sentenced him to a term of 24 months imprisonment. ECF No. 20.

On April 3, 2020, Petitioner filed his Emergency Motion for Compassionate Release. ECF No. 22. On April 8, 2020, the Government responded in opposition. ECF No. 23. On April 13, 2020, Petitioner replied to the Government's response. ECF No. 24. On April 14, 2020, Petitioner filed a Supplemental Memorandum on his Emergency Motion for Compassionate Release. ECF No. 25. As such, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, A petitioner seeking compassionate release is generally required exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" has been defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. The Sentencing Commission has provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission has also provided a "catch-all provision" that allows for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D); *see also United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"); *United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."). However, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in Application Note 1, in evaluating a petitioner's request for a sentence modification under the "catch-all provision."

## III. DISCUSSION

### A. Waiver of the Exhaustion Requirement

The Government argues that Petitioner's Emergency Motion should be subjected to the exhaustion requirement for the following reasons: (1) provisions of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") allowing the Bureau of Prisons ("BOP") to expand the availability of home confinement inform the relevant legal framework; and (2) the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), as amended by the FIRST STEP Act, may never be waived. The Government's contentions are plainly without merit.

As an initial matter, the administrative allowances expanding the availability of home confinement provided to the BOP by the CARES Act do not limit or supersede the discretion afforded to the Court pursuant to the amended version of § 3582(c)(1)(A). Under the FIRST STEP Act, it is for district courts to determine whether there are grounds for compassionate release, not the BOP. *United States v. Maumau*, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020); *see also id.* at *4, fn. 5 ("the courts have never been a rubber stamp for compassionate release decisions made by the Bureau of Prisons"). The main purpose of the both the procedural modification allowing a petitioner to request relief from the district court and the BOP's expanded ability to use home confinement is to expand the use of non-carceral measures when mandated by health concerns.[1]

Moreover, the Court's compassionate release discretion pursuant to § 3582(c)(1)(A) is not limited to home confinement. 18 U.S.C. § 3582(c)(1)(A) ("the court…may reduce the term of imprisonment"); s*ee e.g. Perez*, 2020 WL 1546422, at *4; *United States v. Campagna*, 2020 WL

---

[1] *See e.g. United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing* FIRST STEP Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("The provision allowing defendants to bring motions under § 3582(c) was added by the FIRST STEP Act in order to increase the use and transparency of compassionate release"); *Update on COVID-19 and Home Confinement*, FED. BUREAU OF PRISONS (Apr. 5, 2020) https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (describing the BOP's expanded authority to place inmates on home confinement during the COVID-19 pandemic).

1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (granting applications for sentence reductions pursuant to § 3582 to time served in light of the COVID-19 pandemic). Therefore, discretion afforded to the Court pursuant to § 3582(c)(1)(A) is broader than the emergency administrative allowances granted to the BOP under the CARES Act. Further, the Court's FIRST STEP Act discretion is not limited or superseded by the CARES Act. As a practical matter, when the Court is able to resolve meritorious petitions for compassionate release in the midst of the COVID-19 pandemic pursuant to its authority under § 3582 prior to BOP action, the Court will do so without hesitation. *See United States v. Rodriguez*, 2020 WL 1627331, at *7 (E.D. Pa Apr. 1, 2020) ("BOP's 'compassionate release program had been poorly managed and implemented inconsistently, ... resulting in eligible inmates ... not being considered for release, and terminally ill inmates dying before their requests were decided.'").

As stated previously, the exhaustion requirement may be waived due to futility, inadequate relief, or undue prejudice. *See supra* Part II.A; *see also Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (holding that irreparable injury justifying the waiver of exhaustion requirements named in statute exists where "the ordeal of having to go through the administrative process may trigger a severe medical setback"). In this case, preservation of the exhaustion requirement could subject Petitioner to severe illness and death if he contracts COVID-19 because of his underlying health conditions. Petitioner is 65 years old and suffers from chronic liver disease, in addition to his history of severe cardiac issues. ECF No. 22 at 2. He is incarcerated at FCI Beckley, a prison environment that is not conducive to self-isolation. *Id.* Therefore, Petitioner has shown that waiver of the exhaustion requirements is justified. *See Zukerman*, 2020 WL 1659880, at *4 ([petitioner's] advanced age and compromised health, combined with the high risk of contracting COVID-19 [in federal prison] justify waiver of the exhaustion requirement.").

**B. The Merits of the Petition for Compassionate Release**

The Court also finds that Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the great risk that COVID-19 poses to a person of his age with underlying health conditions. In the midst of the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under such circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *Rodriguez*, 2020 WL 1627331, at *7; *United States v. Jepsen*, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *Campagna*, 2020 WL 1489829, at *3. Like the petitioners in the aforementioned cases, Petitioner suffers from serious health conditions that would render him virtually defenseless if he were to become infected with COVID-19. *See* ECF No. 22 at 2 (documenting Petitioner's 2010 heart attack and subsequent surgery, a second heart surgery in 2019, and liver cirrhosis). Accordingly, Court is persuaded that the circumstances set forth by Petitioner constitute sufficient grounds for a sentence modification. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331 at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic").

In its opposition to Petitioner's Emergency Motion, the Government contends that Petitioner "remains a significant risk to the community based upon the count of conviction and the specific underlying facts and circumstances of his case." ECF No. 23 at 17. The Court disagrees. In reevaluating the § 3553(a) factors, the Court notes that Petitioner is now 65 years old with multiple life-threatening physical ailments. He has spent the past decade in state prison for the same crimes for which he is presently serving time in federal prison, based on the associated

violations of his federal supervised release. While Petitioner's conduct and criminal history have not changed, he is now an older man weakened by multiple chronic conditions and under threat from a virus that may be fatal if he contracts it. He is unlikely to present a threat to the public based on his weakened condition and advancing age. Additionally, deterrence and punishment have been provided, as Petitioner has served nearly 11 years for the conduct for which he is now incarcerated. Finally, Petitioner has reliable family support to return to upon his release from prison. ECF No. 21 at 13–14. Therefore, the Court finds that an application of the § 3553(a) factors to Petitioner favors the grant of compassionate release.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to time served. Accordingly, the Bureau of Prisons is **DIRECTED** to release Petitioner from custody within ten (10) days of the issuance of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
April 20, 2020

_____
UNITED STATES DISTRICT JUDGE